**FILED**
IN THE DISTRICT COURT

**IN THE DISTRICT COURT OF POTTAWATOMIE COUNTY**
**STATE OF OKLAHOMA**

JUL 30 2025

POTTAWATOMIE COUNTY, OK
VALERIE N. UELTZEN, COURT CLERK
BY_____DEPUTY

| | |
|---|---|
| MARION "FRANK" SMITH | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. CJ-2025-**325** |
| v. | ) |
| | ) |
| HARBOR FREIGHT TOOLS CORPORATE, | ) |
| LLC; HARBOR FREIGHT TOOLS | ) |
| USA, INC.; JOHN AND JANE DOES 1-10; | ) |
| and OTHER JOHN DOE CORPORATIONS | ) |
| 1-10 | ) |
| | ) |
| Defendants. | ) |

**PETITION**

Plaintiff Marion "Frank" Smith, by and through his undersigned attorneys, submits his Petition against Harbor Freight Tools Corporate, LLC, Harbor Freight Tools USA, Inc., John and Jane Does 1-10, and Other John Doe Corporations 1-10 ("Defendants"). For his causes of action against Defendants, Plaintiff alleges, and states as follows:

**JURISDICTION AND VENUE**

1. Marion "Frank" Smith was a resident of Tecumseh, Pottawatomie County, Oklahoma, at the time of the events giving rise to this lawsuit.

2. Defendant Harbor Freight Tools Corporate, LLC is a Delaware Limited Liability Company with its principal place of business in Calabasas, California; it regularly does business in Oklahoma and originally designed, manufactured, and/or sold the product at issue.

3. Defendant Harbor Freight Tools USA, Inc. is a Delaware Corporation with its principal place of business in Calabasas, California; it regularly does business in Oklahoma and originally designed, manufactured, and/or sold the product at issue.

EXHIBIT 1

4. Defendants John and Jane Does 1-10 are any designers, manufacturers, assemblers, marketers, suppliers, distributors or sellers placing the defective product at issue into the stream of commerce and whose names and addresses are presently unknown.

5. Defendants John Doe Corporations 1-10 and Defendants Other John Doe Entities 1-10 are other legal entities that designed, manufactured, assembled, marketed, supplied, distributed, sold and/or placed the product at issue into the stream of commerce and whose names and addresses are unknown.

6. The defective product giving rise to this action was purchased from the Harbor Freight Retail Store in Shawnee, Pottawatomie County, Oklahoma.

7. This Court has jurisdiction over the subject matter and the parties hereto, and venue is proper. The events complained of herein transpired in Shawnee and Tecumseh, Pottawatomie County, State of Oklahoma.

## FACTS

8. On or around July 31, 2023, Frank Smith purchased a 6-inch grinding wheel distributed by Defendants from the Harbor Freight retail store in Shawnee, Oklahoma.

9. On July 31, 2023, Frank was examining the Harbor Freight grinding wheel in anticipation of sharpening a drill bit when the grinding wheel suddenly became out of balance and started violently vibrating. Before Frank could unplug the motor, the grinding wheel exploded into several pieces.

10. The pieces of the grinding wheel shot across the room, with at least one large shard piercing his hand and arm.

11. Although Frank was experienced with the use of grinding wheels such as this one, nothing could have prepared him for the brand-new grinding wheel to explode during proper use.

12. The grinding wheel's label did not have any warnings that adequately informed ordinary users of the necessary precautions and the extent of the risk they are exposed to in the ordinary use of the product as required by Oklahoma law.

13. The grinding wheel had no instructions or warnings that the wheel may suddenly vibrate and/or become imbalanced and shatter, nor did it have any instructions as to how to test or ensure the wheel was safe for use.

14. The explosion caused Frank significant blood loss and permanent and catastrophic injury to his hand and arm.

15. As a result of the accident, Frank suffered severe and catastrophic injuries, including the loss of his pinky finger and the knuckle on his ring finger.

16. Frank has lost the use of his dominant right hand and will require additional surgery to address ongoing issues with the tendons and ligaments that were shredded by the grinding wheel.

17. Frank endures significant pain daily and is unable to use his hand to work on his boat or repair items around the house, things which were previously his livelihood as a handyman and mechanic.

18. Further, Frank is unable to hold a pencil, reach into his pants pockets, or many other simple, everyday tasks without the use of his dominant hand.

19. On June 11, 2025, Frank underwent another surgery to help mitigate the permanent loss of a finger and knuckle on his dominant hand which have caused ongoing pain and suffering which will continue for life.

20. Upon information and belief, Defendants were on notice that this particular grinding wheel had significant balance/vibration problems but continued to sell the wheels without

warning users of the issues, without repairing or addressing the defects with the wheel, and without taking any other actions to protect consumers that purchased the defective grinding wheel.

## CAUSES OF ACTION

## STRICT PRODUCT LIABILITY

Plaintiff hereby adopts, re-alleges, and incorporates by reference Paragraphs 1—20 of Plaintiff's Petition as if fully set forth herein.

21.    Defendants designed, engineered, manufactured, distributed, and/or sold the grinding wheel at issue in the ordinary course of business.

22.    The defective and unreasonably dangerous conditions complained of include, but are not limited to, the possibility of the grinding wheel vibrating uncontrollably and breaking upon use.

23.    These defective conditions in the grinding wheel posed foreseeable, unreasonable risks of injury given the conditions and circumstances that foreseeably attend use of the grinding wheel.

24.    These defective and unreasonably dangerous conditions existed in the grinding wheel at the time that it left the hands of Defendants and at the time of the incident described above.

25.    At the time of the incident, Frank Smith was not aware of the dangers and defective conditions existing as a result of the grinding wheel's improper design.

26.    As a direct and proximate result of Defendants' design, manufacture, labeling, distribution, sale, and installation of a defective and unreasonably dangerous product, as set forth in the preceding paragraphs, Mr. Smith suffered a catastrophic injury.

4

## **FAILURE TO WARN**

Plaintiff hereby adopts, re-alleges, and incorporates by reference Paragraphs 1—26 of Plaintiff's Petition as if fully set forth herein.

27.    At all times relevant hereto, Defendant was on notice and knew, or reasonably should have known, that the grinding wheel was susceptible to exploding upon use.

28.    At all times relevant hereto, Defendant knew, or through the exercise of reasonable care, should have known that the grinding wheel was not safe for its intended and/or reasonably foreseeable use.

29.    On July 31, 2023, the grinding wheel failed to properly function as intended or as reasonably expected by exploding and causing Plaintiff Frank Smith's catastrophic personal injuries and property damage.

30.    Defendant failed to provide adequate directions, instructions, or warnings related to the grinding wheel and the warnings were thus inadequate to prevent Plaintiff's injuries.

31.    At no time did Plaintiff misuse the grinding wheel.

32.    At no time did Plaintiff knowingly or voluntarily assume the risk of any potential harm associated with the use of the grinding wheel for the purpose for which it was intended.

33.    Defendant failed to adequately warn, advise, or otherwise notify Plaintiff of precautions required and/or risks associated with use of the grinding wheel, including, but not limited to, the wheel vibrating/becoming out of balance and exploding upon first use.

34.    As a direct and proximate result of Defendants' design, manufacture, labeling, distribution, sale, and installation of a defective and unreasonably dangerous product and failure to warn of the risks associated, as set forth in the preceding paragraphs, Mr. Smith suffered a catastrophic injury.

## NEGLIGENCE

Plaintiff hereby adopts, re-alleges, and incorporates by reference Paragraphs 1—34 of Plaintiff's Petition as if fully set forth herein.

35.    Defendants were negligent in performing their necessary due diligence to assure customers that the grinding wheel at issue was safe for use.

36.    The grinding wheel was negligently and/or carelessly tested, studied, researched, evaluated, designed, manufactured, constructed, inspected, distributed, marketed, or otherwise prepared for use and sold by Defendants.

37.    Defendants and/or any and all of their employees negligently, carelessly, willfully, and/or intentionally failed to provide a reasonably safe product for Plaintiff.

38.    Defendants and/or any and all of their employees negligently, carelessly, willfully, and/or intentionally failed to warn Plaintiff of the dangerous condition then and there existing when Defendant knew or, in the exercise of ordinary care, should have known that said warning was necessary to prevent injury to Plaintiff.

39.    Specifically, Defendants failed to adequately warn, advise, or otherwise notify Plaintiff of precautions required and/or risks associated with use of the grinding wheel, including, but not limited to, the risk of the wheel exploding upon use.

40.    As a result of the acts or omissions of Defendants, Plaintiff suffered and continues to suffer catastrophic personal injury and property damage, and Plaintiff in no way contributed to the cause of his injuries.

41.    Defendants were negligent in meeting/satisfying industry customs, standards, and/or requirements necessary for placing the grinding wheel in the stream of commerce and, as a

result of these negligent actions specified herein, Plaintiff has suffered damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

### GROSS NEGLIGENCE – PRODUCT LIABILITY

Plaintiff hereby adopts, re-alleges, and incorporates by reference Paragraphs 1—41 of Plaintiff's Petition as if fully set forth herein.

42.    Defendants above and foregoing conduct constitute gross negligence because Defendants had actual knowledge and awareness of the dangerous and hazardous risks associated with operation of the grinding wheel but consciously failed to warn or correct the defect, thereby ensuring injuries and damages of the kind and type sustained by Plaintiff Frank Smith would occur.

43.    Plaintiff therefore seeks punitive damages against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) based on Defendants' gross negligence and lack of regard for the rights of others as specified herein.

### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

Plaintiff hereby adopts, re-alleges, and incorporates by reference Paragraphs 1— 43 of Plaintiff's Petition as if fully set forth herein.

44.    Defendants sold, for value, the defective grinding wheel at issue.

45.    By selling this item, Defendants warranted that it safely distributed and provided the product for use.

46.    Frank Smith is a natural person who could have been expected to use or be affected by the sale of the grinding wheel.

47.    Defendants breached the implied warranty of merchantability to Frank Smith because the grinding wheel was not fit for the ordinary and foreseeable purposes for which such goods are used and was of a defective and unreasonably dangerous character, as described above.

7

48.    As a direct and proximate result of Defendants' breach of implied warranties, Plaintiff Frank Smith was injured.

49.    Defendants were provided timely notice of the defect and were promptly notified of Plaintiff's injuries.

## DAMAGES

Plaintiff hereby adopts, re-alleges, and incorporates Paragraphs 1— 49 of Plaintiff's Petition as if fully set forth herein.

50.    As a direct and proximate result of Defendants' negligent acts and/or omissions as set out above, Frank Smith suffered the traumatic amputation of his right pinky finger and the knuckle of his ring finger.

51.    Defendants engaged in reckless disregard for others based on the acts and omissions giving rise to the lawsuit and Plaintiff is therefore entitled to punitive damages.

52.    Plaintiff seeks damages that directly and proximately resulted from Defendants' negligence in the following particulars:

A)    Past and future medical costs, including surgeries to repair his damaged hand and arm;

B)    The cost of past and future physical therapy and rehabilitation;

C)    Past and future pharmaceutical costs;

D)    Disfigurement;

E)    Physical impairment;

F)    Pain, suffering, and emotional distress.

G)    Punitive damages

WHEREFORE, premises considered, Plaintiff Marion "Frank" Smith prays for relief against Defendants for actual damages in excess of seventy-five thousand dollars ($75,000.00) and exemplary damages in an amount to be determined by a judge and jury for these causes of action as well as pre-judgment interest, post-judgment interest, court costs, and other reasonable and recoverable costs, fees, and/or expenses allowed and any such other and further relief the Court deems just and equitable under the circumstances.

Respectfully submitted,

Justin D. Meek, OBA #21294
Benjamin R. Grubb, OBA #31569
DEWITT PARUOLO & MEEK, PLLC
P.O. Box 138800
Oklahoma City, OK 73113
Telephone: (405) 705-3600
Facsimile: (405) 705-2573
jmeek@46legal.com
bgrubb@46legal.com
*Attorneys for Plaintiff*

**ATTORNEY LIEN CLAIMED**

**JURY TRIAL DEMANDED**

9